1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO

3  RAFAEL OCASIO-LOZADA, et al.,

4        Plaintiffs,

                                        Civil No. 09-1192 (JAF)
5        v.

6  UNITED STATES OF AMERICA, et al.,

7        Defendants.

8                              **O R D E R**

9        On July 22, 2009, Defendants United States of America and

10  Luis S. Fraticelli moved to dismiss Plaintiffs' complaint under

11  Federal Rule of Civil Procedure 12(b)(5) for insufficient service of

12  process. (Docket No. 6.)  Plaintiffs opposed the motion on August 7,

13  2009 (Docket No. 7); the government and Fraticelli replied on

14  August 18, 2009 (Docket No. 14); and Plaintiffs sur-replied on

15  August 25, 2009 (Docket No. 16).  As Fraticelli now concedes that he

16  was properly served with process on May 28, 2009 (Docket No. 14), the

17  sole issue before us is the sufficiency of service on the government.

18        Federal Rule of Civil Procedure 4(m) requires service of process

19  "within 120 days after the complaint is filed."  Unless the plaintiff

20  shows good cause for failing to meet the deadline, we may choose

21  between dismissal without prejudice and an allowance for service

22  within a specified time.  Fed. R. Civ. P. 4(m).  In a case against

23  the government, Rule 4(i)(1)(A) requires the plaintiff to serve the

24  summons and complaint to the United States attorney for the federal

Civil No. 09-1192 (JAF)                                              -2-

1    district where the case is brought.  The plaintiff may also deliver

2    service to "an assistant United States attorney or clerical employee

3    whom the United States attorney designates in a writing filed with

4    the court clerk."  Fed. R. Civ. P. 4(i)(1)(A)(i).

5         The government argues that Plaintiffs have, without good cause,

6    failed  to  serve  the  United  States  attorney  for  this  district.

7    (Docket Nos. 6, 14.)  Plaintiffs contend that their server, Melissa

8    Vélez, attempted service on the United States attorney by delivering

9    it to the office for the Federal Bureau of Investigations ("FBI") in

10   Puerto Rico.  (Docket Nos. 7; 10; 16.)  Vélez states that she visited

11   the FBI office on May 22, 2009, and was informed that Fraticelli was

12   absent.  (Docket  No.  10-2.)  Vélez  then  asked  whether  anyone  was

13   present to receive the summons issued to the government, and Milton

14   Ramos,  a  paralegal,  emerged.  (Id.)  Ramos  read  the  documents,

15   confirmed that he was authorized to receive service, and signed an

16   acknowledgment.  (Id.)

17       At the threshold, Ramos is neither an assistant United States

18   attorney  nor  a  clerk  expressly  authorized  to  receive  service  of

19   process.  See Fed. R. Civ. P. 4(i)(1)(A)(i).  Even if established,

20   Ramos' apparent authority to receive process would be insufficient.

21   See Fed. R. Civ. P. 4(i)(1)(A); see also Blair v. City of Worcester,

22   522 F.3d 105, 113 (1st Cir. 2008) (citing cases requiring actual

23   authority to receive service of process). Furthermore, any reasonable

24   person should have been aware that the FBI office is distinct from

Civil No. 09-1192 (JAF)                                          -3-

1    that of the United States attorney.  Other than Vélez' affidavit,

2    Plaintiffs  have  submitted  no  proof  of  service  on  Ramos. We,

3    therefore, lack any basis to assess whether Ramos had implied actual

4    authority  to  receive  summons  for  the  United  States  attorney.

5    Accordingly, Plaintiffs have not shown good cause for their error.

6    See Fed. R. Civ. P. 4(m).

7        However, we find no reason to dismiss without prejudice because

8    Plaintiffs  will  likely  re-file  their  complaint. Meanwhile, eight

9    months  have  passed  since  Plaintiffs  commenced  this  case  on

10   February 27, 2009 (Docket No. 1), and they have not attempted to cure

11   their error.  As Plaintiffs have wasted judicial resources, we will

12   truncate the discovery process accordingly.

13       In view of the foregoing, we hereby **DENY** the government and

14   Fraticelli's motion to dismiss (Docket No. 6).  We **ORDER** Plaintiffs

15   to properly serve process on the United States pursuant to Federal

16   Rule of Civil Procedure 4(i)(1) **on or before November 12, 2009**.

17       **IT IS SO ORDERED.**

18       San Juan, Puerto Rico, this 2nd day of November, 2009.

19                                   s/José Antonio Fusté
20                                   JOSE ANTONIO FUSTE
21                                   Chief U.S. District Judge