|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| RAFAEL OCASIO-LOZADA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil No. 09-1192 (JAF) |

**OPINION AND ORDER**

Plaintiffs, Rafael Ocasio-Lozada, Enid A. Gracia-Berríos, their conjugal partnership, and their children, Karla Jiménez-Gracia, Ángel Ocasio-Gracia, Laura Ocasio-Gracia, and Carolina Ocasio-Gracia, and Margarita Berríos-Burgos, bring this action against Defendants, the United States of America, Luis Fraticelli and his conjugal partnership, and eight unknown agents of the Federal Bureau of Investigation ("FBI") and their respective conjugal partnerships. (Docket No. 1.) Plaintiffs seek redress for an illegal search and seizure under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Id.) Plaintiffs also allege violations of Articles 1802 and 1803 of the Puerto Rico Civil Code, for which redress is sought through the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. (Id.) The United States and Fraticelli ("Movants") move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and dismissal pursuant to Rule 12(b)(1). (Docket No. 22.) Plaintiffs oppose. (Docket No. 30.)

I.

**Factual and Procedural Synopsis**

We draw the following facts from Plaintiffs' complaint (Docket No. 1). As we must in addressing a motion to dismiss, we assume Plaintiffs' factual allegations to be true and make all reasonable inferences in their favor. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

The alleged facts are as follows. Plaintiffs reside in a one-story house with a two-car garage situated on Ibizco Street in Haciendas de Dorado, a subdivision in Dorado, Puerto Rico. On July 6, 2007, Plaintiffs were awoken well before dawn by FBI agents knocking on their door. After Rafael opened the door, the agents brandished firearms and arrested him in his underwear, and took him outside in handcuffs. Agents removed his children from the house and then proceeded to search the house for firearms. FBI agents also detained Margarita, Enid's elderly mother, with firearms in hand. After one-and-one-half hours of searching, Enid, who was not at home when the search began, arrived at the house and demanded that the agents produce a search warrant. The warrant, issued by a federal magistrate judge on July 5, 2007, described the target of the search as follows: "Haciendas del Dorado, Calle Begonia, Dorado, Puerto Rico, further described as a two-story concrete house with a large opened carport on the first floor and stairs leading to the second floor." After the agents admitted that they had mistaken Plaintiffs' home for their intended target, Rafael and Enid denied permission to continue searching their house. The agents proceeded to execute their warrant at another location.

Civil No. 09-1192 (JAF)                                                                                                              -3-

Afterwards, Fraticelli, FBI director for Puerto Rico, informed the press that the FBI had searched houses in connection with robberies of armored trucks. Defendants' actions caused damage to Plaintiffs' property and inflicted emotional distress on Plaintiffs. The agents who participated in the search wore no identification and did not reveal their names.

As a result of the alleged facts, on February 19, 2008, Plaintiffs filed an administrative complaint against the United States and the FBI requesting investigation of the search. Their request was denied on September 23, 2008. On February 27, 2009, Plaintiffs commenced the instant action in federal district court. (Docket No. 1.) Movants moved for judgment on the pleadings and dismissal on December 18 (Docket No. 22), and Plaintiffs opposed on January 20 (Docket No. 30).

## II.

### Motion to Dismiss Under Rule 12(b)(6)

We construe Movants' motion for judgment on the pleadings as a motion to dismiss under Rule 12(b)(6) because they have improvidently raised the motion before serving an answer on Plaintiffs, see Fed. R. Civ. P. 12(c), and the standards under Rules 12(b)(6) and 12(c) are identical, see Asociación de Subscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 22 (1st Cir. 2007). Under Rule 12(b)(6), a defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable

Civil No. 09-1192 (JAF)                                                                                          -4-

1    inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962,

2    971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of

3    truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

4         The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that

5    directly or inferentially support each material element of some legal claim. Gagliardi v.

6    Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

7    559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair

8    notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551

9    U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).

10        Movants contend that we should dismiss the case against Fraticelli for Plaintiffs' failure

11   to allege his role in the illegal search and seizure. (Docket No. 22.) In response, Plaintiffs note

12   that they averred that Fraticelli spoke to the press and the FBI failed to disclose the names of

13   agents who participated in the search of Plaintiffs' house. (Docket No. 30.)

14        A plaintiff may assert a Bivens action against a federal officer for a warrantless search

15   and seizure in violation of the Fourth Amendment. DeMayo v. Nugent, 517 F.3d 11, 14-15 (1st

16   Cir. 2008). However, none of Plaintiffs' allegations implicate Fraticelli in the faulty execution

17   of the search warrant. (See Docket No. 1.) At most, Plaintiffs complain that Fraticelli's public

18   statements brought them into disrepute. (See id.) Even if the complaint could be read to imply

19   that Fraticelli denied Plaintiffs access to the identity of culpable agents, such conduct would not

20   violate the U.S. Constitution. Cf. Wilkie v. Robbins, 551 U.S. 537, 549-50 (2007) (noting that

Civil No. 09-1192 (JAF)                                                                                                    -5-

the Court has only recognized <u>Bivens</u> actions for searches and seizures in violation of the Fourth Amendment, employment discrimination in violation of the Due Process Clause, and violations of the Eighth Amendment in prisons). Without an allegation of unconstitutional conduct against Fraticelli, no action may lie against him under <u>Bivens</u>. See <u>Bivens</u>, 403 U.S. at 389.

### III.

### Motion to Dismiss Under Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a movant may challenge the court's subject-matter jurisdiction by raising a sufficiency challenge. The court takes the plaintiff's "jurisdictionally-significant facts as true" and "assess[es] whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." <u>Valentín v. Hosp. Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001). The party asserting jurisdiction bears the burden of showing its existence. See <u>Skwira v. United States</u>, 344 F.3d 64, 71 (1st Cir. 2003).

Movants argue that we should dismiss the action against the United States because Plaintiffs' allegations are conclusory and because the alleged misconduct is beyond the scope of the FTCA. (Docket No. 22.) Movants portray Plaintiffs' claim as a constitutional violation that is not subject to the United States' waiver of sovereign immunity under the FTCA. (<u>Id.</u>) In response, Plaintiffs note that the FTCA references local tort law and that the Civil Code of Puerto Rico contemplates redress for Plaintiffs' situation. (Docket No. 30.)

Civil No. 09-1192 (JAF)                                                                                                             -6-

The FTCA authorizes actions in tort against the U.S. Government. 28 U.S.C. § 2674. The subject-matter jurisdiction of federal district courts over FTCA claims is predicated on a statutory waiver of sovereign immunity. Id. § 1346(b)(1). This waiver is explicitly limited to:

> injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Id. The FTCA defines government employees to include officers or employees of federal agencies, military personnel, and persons acting on behalf of a federal agency in an official capacity. 28 U.S.C. § 2671. Furthermore, Article 1802 of the Puerto Rico Civil Code provides for recovery in tort for the acts and omissions of a defendant that causes injury to a plaintiff, 31 L.P.R.A. § 5141 (1990), and Article 1803 provides for vicarious liability, id. § 5142.

Movants point to no authority, nor do we find any, for the proposition that an action cannot lie under the FTCA when the same facts could give rise to a constitutional violation. (See Docket No. 22.) The text of 28 U.S.C. § 1346(b) points us to Puerto Rico law for the appropriate definition of a cause of action. Moreover, Plaintiffs' detailed averments claim that FBI agents entered their property without proper legal authority and proceeded to detain Plaintiffs without permission, which resulted in both damage to physical property and emotional distress for Plaintiffs. We find that Plaintiffs have sufficiently pleaded a case against the United States for its intentional acts and negligence in breach of Article 1802 and the FTCA.

Civil No. 09-1192 (JAF) -7-

## IV.

### Conclusion

In view of the foregoing, we hereby **GRANT** Movants' motion for judgment on the pleadings (Docket No. 22) and **DENY** Movants' motion to dismiss (id.). We **DENY** Movants' motion to tender a reply (Docket No. 32). We **DISMISS** the claim against Fraticelli but **RETAIN** all claims against the United States and the eight unknown FBI agents and their respective conjugal partnerships.

Lastly, we **ORDER** the United States to file an answer to the complaint **on or before February 18, 2010.**

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 5th day of February, 2010.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge