UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RAFAEL OCASIO-LOZADA, et al.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 09-1192 (JAF)

**O R D E R**

    Plaintiffs, Rafael Ocasio-Lozada; Enid A. Gracia-Berríos; their conjugal partnership; their minor children, Karla Jiménez-Gracia and Ángel, Laura, and Carolina Ocasio-Gracia; and Gracia-Berríos' mother, Margarita Berríos-Burgos, sue Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680.[1] (Docket No. 1.)  Plaintiffs allege that FBI agents negligently executed a search warrant when they entered Plaintiffs' home instead of the home described in the warrant.  (Id.)  Defendant moves for summary judgment (Docket Nos. 46; 47; 48), and Plaintiffs oppose (Docket Nos. 55; 56).  Plaintiffs also move for summary judgment (Docket Nos. 49; 50; 51), and Defendant opposes (Docket Nos. 52; 53).

    We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A factual

---

[1] Plaintiffs also sued FBI Agent Luis S. Fraticelli and other unnamed FBI agents (Docket No. 1), but those defendants were dismissed (Docket Nos. 33; 42).

Civil No. 09-1192 (JAF)                                                          -2-

dispute is "genuine" if it could be resolved in favor of either party and "material" if it

potentially affects the outcome of the case.  Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d

6, 19 (1st Cir. 2004).  In evaluating a motion for summary judgment, we view the record in the

light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157

(1970).

        The movant carries the burden of establishing that there is no genuine issue as to any

material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  "Once the moving party has

made a preliminary showing that no genuine issue of material fact exists, the nonmovant must

'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy

issue.'"  Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co.

v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)).  The nonmovant "may not rely merely on

allegations or denials in its own pleading; rather, its response must . . . set out specific facts

showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

        Defendant argues that it is entitled to summary judgment because the agents' conduct

at issue falls within the discretionary function exception to liability under the FTCA.  (Docket

No. 48.) Citing 28 U.S.C. § 2680(a) and Supreme Court and First Circuit precedent, Defendant

explains that the exception applies to government conduct that involves the exercise of

judgment or choice in the implementation of social, economic, or political policy.  (Docket No.

48 at 5–7.)  It goes on to argue, in a mind-boggling lapse of logic, that "[t]he Search Warrant

dictated [the agents'] action and could no[t] involve any element of judgment or choice.  This

is the type of conduct that the discretionary function [exception] was designed to shield,

Civil No. 09-1192 (JAF)                                                                -3-

therefore, their acts are covered by the Discretionary Function Exception."[2]  (Id. at 10.)  The

assertion that the agents' conduct involved no discretion eviscerates Defendant's claim that the

exception applies.  Defendant has, therefore, failed to demonstrate entitlement to summary

judgment.

      Plaintiffs' motion fares no better.  The bulk of the motion specifies conduct that is

considered tortious under the FTCA—any misdeed causing harm, privacy violations, abuse of

process, false arrest, infringements of constitutional rights—but absent is any discussion of how

the agents' conduct at issue constituted any or all of these torts.  (Docket No. 51.)  Plaintiffs'

lawyers did not lay out the elements required to prove even one of these claimed torts, let alone

convince us that the evidence on record demonstrates no genuine issue of material fact as to

liability and damages.  This motion is a waste of judicial resources, and of the resources of the

drafting lawyers' clients.

      For the foregoing reasons, we hereby **DENY** both Defendant's motion for summary

judgment (Docket No. 46), and Plaintiffs' motion for summary judgment (Docket No. 49).

      **IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of November, 2010.

                             s/José Antonio Fusté
                             JOSE ANTONIO FUSTE
                             Chief U.S. District Judge

---

[2] Defendant makes the same argument in its opposition to Plaintiffs' motion for summary judgment.  (Docket No. 53 at 5.)  This leads us to wonder whether the drafting attorney or anyone in her office proofreads her submissions to this court for logical fallacies.